UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIS BOYD ANNIS, III,<br><br>          Plaintiff,<br><br>   v.<br><br>JEREMY D. ANNIS, et al.,<br><br>          Defendants. | Case No. C22-0425-RAJ<br><br>ORDER DENYING MOTION FOR RECUSAL |

      Plaintiff Willis Boyd Annis, III moves to recuse the undersigned magistrate judge from this case. Dkt. 15. The Court, having considered the merits of the motion, DENIES it for the reasons explained herein and DIRECTS the Clerk to refer the motion to Chief Judge David G. Estudillo for further review.

      "Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.*

ORDER DENYING MOTION FOR RECUSAL - 1

The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks and citation omitted). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). Recusal is not required when the alleged bias arises from "conduct or rulings made during the course of the proceeding." *See Toth v. TransWorld Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988).

Plaintiff seeks to recuse the undersigned judge on the ground that Plaintiff declined to consent to magistrate judge jurisdiction in this case. Dkt. 15 at 1. Plaintiff makes no claim of personal or extrajudicial bias that would meet the standard laid out in 28 U.S.C. § 144 or 28 U.S.C. § 455. Recusal is therefore improper. However, because the Court understands Plaintiff's confusion as to the undersigned's role in these proceedings, the Court provides Plaintiff with a brief explanation as to how cases are assigned and adjudicated in this district.

When a complaint is filed, the case is randomly assigned to a district court judge. LCR 3(d). This case was assigned to Judge Jones when it was filed in April 2022. A magistrate judge is also randomly assigned at the beginning of every case, and the parties are asked whether they consent to having all proceedings conducted by the pre-assigned magistrate judge. *See* 28 U.S.C. § 636(c); MJR 13(a) and (d). Any party may decline to have all proceedings conducted by that magistrate judge, as Plaintiff did in this case. Dkt. 7; *see also* MJR 13(a) and (d).

Even when parties do not consent to a magistrate judge conducting all proceedings, the district judge may still refer non-dispositive motions (i.e., routine motions that will not resolve

ORDER DENYING MOTION FOR RECUSAL - 2

the case) to the pre-assigned magistrate judge. 28 U.S.C. § 636(b)(1)(A); MJR 3(a). Given the Court's caseload and to help move this case forward in a timely manner, the district court judge did so in this case. Because Magistrate Judge Vaughan was already randomly pre-assigned to this case, she is now presiding over all non-dispositive motions. However, any party may file an objection to the ruling of a magistrate judge; the objection will be reviewed by the district judge. Fed. R. Civ. P. 72(a); *see also* MJR 3(c).

In sum, because Plaintiff has not alleged personal or extrajudicial bias, his motion for recusal, Dkt. 15, is DENIED. The Court DIRECTS the Clerk to refer the motion, Dkt. 15, to Chief Judge David G. Estudillo.

Dated this 7th day of October, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING MOTION FOR RECUSAL - 3