UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIS BOYD ANNIS, III,<br><br>        Plaintiff,<br>    v.<br><br>JEREMY D. ANNIS et al.,<br><br>        Defendants. | CASE NO. 2:22-cv-00425-RAJ-SKV<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL |

## I   INTRODUCTION

This matter comes before the Court following referral by United States Magistrate Judge S. Kate Vaughan (Dkt. No. 16) of Plaintiff Willis Boyd Annis, III's motion for recusal (Dkt. No. 15). For the reasons stated herein, the Court AFFIRMS Magistrate Judge Vaughan's decision.

## II   BACKGROUND

Mr. Annis, proceeding *pro se* and *in forma pauperis* (IFP), sued Defendants, alleging they committed theft of his "personal identify[,]" including his name, date of birth, and social security number. (Dkt. No. 5 at 3.) Mr. Annis' case was randomly assigned to United States

ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL - 1

District Judge Richard A. Jones, and pre-assigned to United States Magistrate Judge S. Kate Vaughan in the event of consent.  Mr. Annis filed a document styled as "Declination to use Magistrate Justices/Magistrate Judges," stating he declined "Magistrate Jurisdiction in further proceedings including final judgment." (Dkt. No. 7 at 1.)  District Judge Jones referred the case to Magistrate Judge Vaughan to preside over all non-dispositive motions and to recommend rulings for dispositive orders.

Mr. Annis moved for Judge Vaughan's recusal, arguing that he declined to consent to magistrate judge jurisdiction.  (Dkt. No. 15 at 1.)  Judge Vaughan denied Mr. Annis' motion, holding recusal would be improper because Mr. Annis makes no claim of personal or extrajudicial bias that would meet the standard laid out in 28 U.S.C. § 144 or 28 U.S.C. § 455.  (Dkt. No. 16 at 2.)  Judge Vaughan also addressed Mr. Annis' argument against magistrate judge jurisdiction, explaining "[e]ven when parties do not consent to a magistrate judge conducting all proceedings, the district judge may still refer non-dispositive motions (i.e., routine motions that will not resolve the case) to the pre-assigned magistrate judgment."  (*Id.* at 3.)

### III   DISCUSSION

Without a party's consent, magistrate judges cannot hear and determine certain dispositive pretrial matters, including motions to dismiss for failure to state a claim.  28 U.S.C. § 636(b)(1)(A).  However, a magistrate judge may submit to a district judge "proposed findings of fact and recommendations for the disposition" of motions to dismiss, even if a party declines magistrate judge jurisdiction.  28 U.S.C. § 636(b)(1)(B).  Once the magistrate judge issues proposed findings and recommendations, any party may file written objections within fourteen days.  28 U.S.C. § 636(b)(1).  The district judge then decides whether to accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  *Id.*

In this case, District Judge Jones referred Mr. Annis' pretrial matters to Magistrate Judge Vaughan. Judge Vaughan reviewed Mr. Annis' Complaint and found that he failed to state a claim. (Dkt. No. 14 at 2.) Further, Judge Vaughan instructed Mr. Annis that if he failed to file an amended complaint or adequately respond to the issues raised in her order, she would recommend dismissal of the action. (*Id.* at 4.) These actions do not violate the statute governing magistrate judge jurisdiction because District Judge Jones holds jurisdiction over the matter and Magistrate Judge Vaughan has not issued, and will not issue, a final order dismissing the matter. Instead, Judge Jones will make a final decision as to whether Mr. Annis' Complaint should be dismissed for failure to state a claim.

Accordingly, jurisdiction is proper and Mr. Annis' motion does not allege facts sufficient to support recusal. Plaintiff makes no argument relating to impartiality. Thus, the Court ORDERS that Magistrate Judge Vaughan's refusal to recuse herself from this matter is AFFIRMED.

### IV    CONCLUSION

Accordingly, and having considered Plaintiff's motion, the remainder of the record, the Court finds and ORDERS that Plaintiff's motion for recusal (Dkt. No. 15) is DENIED. Magistrate Judge Vaughan's refusal to recuse herself from this matter (Dkt. No. 16) is AFFIRMED.

Dated this 14th day of October 2022.

David G. Estudillo
United States District Judge